Kraig Kazda
600 Central Plaza, Suite 316
Great Falls, Montana
(406) 727-2884
kkazda@kazdalawfirm.com
State Bar I.D. Number: 1276
Attorney for Debtor(s)

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re Patrick O'Brien and Lisa O'Brien,   )
                                          )   11-60552
          Debtor(s).                      )

CHAPTER 13 PLAN (DATED this 30th day of March, 2011).

The future earnings and other income of the Debtor(s) are submitted to the supervision and control of the Chapter 13 Standing Trustee as necessary for the execution of this Plan, and Debtor(s) shall pay to the Trustee the sum of $261.00 each month for a term of months for 36 months, or until all of the provisions of this Plan have been completed. Plan payments shall commence within thirty (30) days following the filing of the Plan.

1. From the payments so received, the Trustee shall make disbursements as follows:

(a) ADMINISTRATIVE CLAIMS. The Trustee shall pay those claims, fees or charges specified in 11 U.S.C. § 507(a)(2), including the Debtor's attorney fees and costs in such amount as may be allowed by the Court. As of the date of this plan, Debtor's counsel estimates that total attorney fees and costs for representation of Debtor will be as follows:

| | |
|---|---|
| Estimated total attorney fees: | $4000.00 |
| Estimated total costs: | + $500.00 |
| Total estimated attorney fees and costs: | $4000.00 |
| Less retainer: | $1226.00 |

TOTAL FEES AND COSTS TO BE PAID THROUGH PLAN  $2774.00

2. IMPAIRED SECURED CLAIMS. After the payments provided for above, the Trustee shall pay allowed secured claims, as determined pursuant to 11 U.S.C. § 506(a), together with interest at the rate set forth below from the date of confirmation, on a pro rata basis, as follows:

| Name of Creditor | Claim Number | Allowed Secured Claim * | Rate of Interest |
|---|---|---|---|

[* This figure is the lesser of the total amount of the debt owing to the creditor or the value of the collateral securing said debt.

Secured creditors shall retain their liens as provided by 11 U.S.C. § 1325(a)(5)(B). In order for any unsecured deficiency to be allowed and paid, a proof of claim must be filed pursuant to Montana's Local Bankruptcy Rules.

3. UNIMPAIRED SECURED CLAIMS. The following secured creditors, whose claims will be left unimpaired by this Plan, are not provided for by this Plan and shall receive no payments

through the Trustee except with regard to those arrearages specified below, if any:

| Name of Creditor | Description of Collateral |
|---|---|
| Bac Home Loans | Home |
| GMAC Mortgage | Home |
| Grow Financial FCU | 2000 Toyota |

Concurrently with the payments on impaired secured claims specified above, the following arrearages on unimpaired secured claims, if any, shall be paid through the Trustee on a pro rata basis until the same have been paid in full:

| Name of Creditor | Amount of Arrearage |
|---|---|

Upon completion of the Plan, all prepetition arrearages provided for by this Plan shall be deemed current.

4. DOMESTIC SUPPORT OBLIGATIONS. After the payments provided for above, the Trustee shall pay all allowed prepetition domestic support obligations. Such allowed claims for prepetition domestic support obligations shall be paid in full under this Plan, without interest (unless otherwise provided).

| Creditor | Complete Address | Claim Amount |
|---|---|---|

5. PRIORITY CLAIMS. After the payments provided for above, the Trustee shall pay allowed claims entitled to priority in such order as specified in 11 U.S.C. § 507.

6. After payments provided above, the Trustee shall pay Dutton State Bank and Northwestern Energy as a separately classified claim pursuant to 11 USC section 1322(b)(1).

(f) GENERAL UNSECURED CLAIMS. After the payments provided for above, the Trustee shall pay dividends, to the extent possible, to allowed unsecured, nonpriority claims on a pro rata basis.

(g) LIQUIDATION ANALYSIS. The total amount distributed under paragraphs 2. (e) and (f) above will be at least $5669.96, which exceeds what would be available to pay unsecured claims if the Debtor's estate was liquidated under Chapter 7 of the Bankruptcy Code. A discharge will not be entered by the Court until said sum has been distributed, or until all allowed unsecured claims have been paid in full, whichever is less.

3. REJECTION OF CONTRACTS OR LEASES. The Debtor(s) rejects the following executory contracts and unexpired leases, and shall surrender property subject to such contracts or leases:

| Type of Agreement | Date of Agreement | Other Party to Contract |
|---|---|---|

All other executory contracts and unexpired leases shall be affirmed.

SURRENDER OF PROPERTY. The Debtor(s) surrenders any and all interest in the following described collateral to the stated secured creditor in full satisfaction of the creditor's allowed secured claim. In order for any unsecured deficiency to be allowed and paid under this Plan, a proof of claim must be filed pursuant to Montana's Local Bankruptcy Rules.

| Secured Creditor | Description of Collateral |
|---|---|

4. POSTPETITION SECURED DEBT: The Debtor(s) reserves the right to incur postpetition secured debts, upon prior written approval of the Trustee, for items necessary to Debtor(s) performance under this Plan.

5. REPORT OF CHANGES IN INCOME: The Debtor(s) shall commit all projected disposable income to the Plan for the applicable commitment period and shall immediately report any

changes in income to the Trustee.

      6. OTHER PROVISIONS:

      7. DECLARATIONS: Under penalty of perjury, Debtor(s) affirms that all federal and state income, employment and other tax returns due as of the date of this plan have been filed with the appropriate agency, and that all postpetition payments due on all domestic support obligations have been paid through the date of this Plan.

      8. EFFECTS OF CONFIRMATION: Upon confirmation of this plan, all issues that have been or could have been decided involving any creditors are *res judicata*, and Debtor(s) reserves all rights under applicable federal and state law with regard to those issues, including rights under 11 U.S.C. § 524(i). Debtor(s) specifically reserves all rights under 11 U.S.C. § 524(i), including the right to ensure that all postpetition mortgage payments be applied and credited to Debtor's mortgage account as if the account were current and no prepetition default existed.

      9. PREVIOUS BANKRUPTCIES, AND DISCHARGE:

Under penalty of perjury, Debtor(s) declares that he/she has not received a discharge previous bankruptcy case that would cause him/her to be ineligible to receive a discharge in the above-entitled case under 11 U.S.C. § 1328(1).10. 10.

      10. Debtor projects income tax refund refunds during the term of the plan and such refunds are included in the Debtor's budget.

Dated this 30th day of March, 2011.

/s/ Patrick O'Brien  /s/ Lisa O'Brien
Patrick O'Brien     Lisa O'Brien

| | | |
|---|---|---|
| BAC HOME LOANS SERVICI<br>450 AMERICAN ST<br>SIMI VALLEY, CA 93065 | BANK OF AMERICA<br>PO BOX 1598<br>NORFOLK, VA 23501 | CITI-BP OIL<br>PO BOX 6497<br>SIOUX FALLS, SD 57117 |
| GEMB/SAMS CLUB<br>PO BOX 981400<br>EL PASO, TX 79998 | GMAC<br>P O BOX 79135<br>PHOENIX AZ 85062-9135 | GMAC MORTGAGE<br>PO BOX 4622<br>WATERLOO, IA 50704 |
| GROW FINANCIAL FCU<br>9927 DELANEY LAKE DR<br>TAMPA, FL 33619 | GULF COAST COLLECTION<br>5690 MARQUESAS CIR<br>SARASOTA, FL 34233 | NORDSTROM FSB<br>PO BOX 6565<br>ENGLEWOOD, CO 80155 |
| SEARS/CBSD<br>PO BOX 6189<br>SIOUX FALLS, SD 57117 | SIMM ASSOCIATES INC<br>P O BOX 7526<br>NEWARK DE 19714-7526 | THD/CBSD<br>PO BOX 6497<br>SIOUX FALLS, SD 57117 |
| U S BANK<br>101 5TH ST E STE A<br>SAINT PAUL, MN 55101 | | |

CERTIFICATE OF MAILING
I hereby certify that the foregoing was duly served, by mailing a copy upon the above named individuals and/or creditors at their last known address.
DATED this 30 of March, 2011.

KAZDA LAW FIRM, PC